—In a family offense proceed *954 ing pursuant to Family Court Act article 8, the petitioner appeals from an order of the Family Court, Queens County (Bogacz, J.), dated March 21, 2012, which, after a hearing, dismissed the petition.
Ordered that the order is affirmed, without costs or disbursements.
“The determination of whether a family offense was committed is a factual issue to be resolved by the hearing court” (Matter of Creighton v Whitmore, 71 AD3d 1141, 1141 [2010]; see Family Ct Act §§ 812, 832; Matter of Clarke-Golding v Golding, 101 AD3d 1117 [2012]; Matter of Armstrong v Ewing, 82 AD3d 1092 [2011]). The hearing court’s determination concerning the credibility of witnesses is entitled to great weight on appeal unless that determination is clearly unsupported by the record (see Matter of Clarke-Golding v Golding, 101 AD3d 1117 [2012]; Matter of Kaur v Singh, 73 AD3d 1178 [2010]; Matter of Creighton v Whitmore, 71 AD3d 1141 [2010]).
Here, the record supports the Family Court’s determination that the petitioner failed to prove, by a preponderance of the credible evidence, that the respondent committed the family offenses of attempted assault in the third degree and harassment in the second degree (see Family Ct Act §§ 812 [1]; 832; Penal Law §§ 110.00, 120.00, 240.26; Matter of Ford v Pitts, 30 AD3d 419 [2006]; Matter of Strully v Schwartz, 255 AD2d 593 [1998]). Accordingly, the petition was properly dismissed.
Dillon, J.P, Balkin, Austin and Sgroi, JJ., concur.